UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80969-CIV-MARRA

ILIYA PAVLOVICH,

    Plaintiff,

vs.

STATE OF NEW YORK, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING CASE

This cause is before the Court upon Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (DE 3). The Court has carefully considered the motion and is otherwise fully advised in the premises.

On August 29, 2011, Plaintiff, proceeding pro se, filed this complaint against Defendants—the State of New York, Andrew Cuomo, as Governor of New York, Karen Atkinson, as officer of the New York State Tax and Finance Department, and Thomas Mattox, as commissioner of the New York State Tax and Finance Department—asserting a number of constitutional claims. (DE 1). That same day, Plaintiff filed an application to proceed in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (B) the action or appeal--
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must first examine whether this complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's in forma pauperis application. Cf. Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990) (holding that the court should first determine whether the complaint was frivolous before ordering the plaintiff to pay a partial filing fee).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's complaint consists of two sentences, which allege that an unidentified person or entity seized $260.00 from his bank account to satisfy New York taxes. Plaintiff contends that he did not owe taxes and that therefore this seizure violated his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff seeks $3,037,000.00 in damages.

The Court finds that the complaint fails to allege personal jurisdiction against any Defendant. A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of pleading enough facts to make out a prima facie case for personal jurisdiction. United Tech. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009); Polski Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968, 972 (11th Cir. 1986). Here, Plaintiff seeks to sue the State of New York and three New York officials, but the complaint fails to allege any

contacts whatsoever with Florida, the forum state.  Accordingly, Plaintiff has failed to allege personal jurisdiction and the Court must dismiss this complaint.  See <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

The Court also finds that this complaint fails to state a claim upon which relief can be granted.  A complaint must allege sufficient factual matter, accepted as true, to state a plausible claim to relief.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Here, the complaint fails to allege the elements of any cause of action nor facts supporting those elements.  Additionally, the complaint contains no allegations against any specific Defendant.  Accordingly, the complaint fails to allege sufficient facts to state a claim and must be dismissed.

The Court finds that giving Plaintiff leave to amend his complaint would be futile.  The Courts see no legal theory upon which Plaintiff could assert valid claims against the State of New York Defendants named in the complaint.  Moreover, even if a valid legal theory could be developed against these Defendants, the acts complained of occurred in the State of New York and venue would lie there.  This Court is clearly the improper forum.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the complaint is **DISMISSED**.

The Clerk of Court shall **CLOSE** this case.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of September, 2011.

_____
KENNETH A. MARRA
United States District Judge